UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JAMES WILLIAM MEDINA-
RODRIGUEZ,

          Petitioner,

v.

SCOTT SPRADER,

          Respondent.
_____/

Case No. 2:19-cv-132

Honorable Paul L. Maloney

# **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I.  Factual allegations

Petitioner James William Medina-Rodriguez is incarcerated with the Michigan Department of Corrections at the Alger Correctional Facility (LMF) in Munising, Michigan. In 2017, Petitioner pleaded guilty in the Kent County Circuit Court to armed robbery, in violation of Mich. Comp. Laws § 750.529. On May 30, 2017, the circuit court sentenced Petitioner to a prison term of 8 to 30 years.

Petitioner appealed his sentence to the Michigan Court of Appeals and the Michigan Supreme Court, raising one claim:

> MCL 77[7].49 WAS IMPROPERLY APPLIED TO DEFENDANT'S SENTENCE BECAUSE IT IS VOID FOR VAGUENESS. THE SENTENCE MUST BE VACATED AND THE CASE MUST BE REMANDED FOR RESENTENCING.

(Attach. A to Pet., ECF No. 1-2, PageID.20.)

The Michigan Court of Appeals summarily denied leave to appeal on January 26, 2018 "for lack of merit in the grounds presented." *People v. Medina-Rodriguez*, No. 341298 (Mich. Ct. App. Jan. 26, 2018). The Michigan Supreme Court denied leave to appeal on September 12, 2018, because it was not persuaded that the questions presented should be reviewed by that court.

Petitioner filed this action in July 2019, apparently raising the same claim that he presented on appeal. He asserts:

> PETITIONER'S FIRST, FIFTH[,] SIXTH AND FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED WHERE MICH. COMP. LAWS. § 77[7].49 WAS IMPROPERLY APPLIED TO PETITIONER'S SENTENCE BECAUSE IT IS VOID FOR VAGUENESS. THE SENTENCE MUST BE VACATED AND THE CASE REMANDED FOR RESENTENCING.

(Attach. C to Pet., ECF No. 1-2, PageID.22.)

## II. AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v Rodgers*, 569 U.S. 58, 64 (2013); *Parker v Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court

adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III. <u>Constitutional Challenges to OV-19</u>

Petitioner argues that his sentence is invalid because the sentencing court applied offense variable 19 ("OV-19") when calculating his range of sentence under Michigan's

4

sentencing guidelines. OV-19 allows the sentencing court to add 10 points to a defendant's guidelines score where the defendant "otherwise interfered with or attempted to interfere with the administration of justice[.]" Mich. Comp. Laws § 777.49(c).[1] Petitioner asserts that OV-19 is unconstitutionally vague because the phrase "interfere with or attempted to interfere with" did not provide Petitioner "a reasonable opportunity to know what conduct is prohibited." (ECF No. 1-2, PageID.23.) Thus, according to Petitioner, its application to his sentencing guidelines score deprived him of due process. Petitioner also contends that the state court deprived him of his rights under the Sixth Amendment when it applied OV-19 using facts other than those that were admitted by Petitioner or found by a jury.

Both claims are meritless. Petitioner's due process claim is meritless because, as the Supreme Court has held with respect to the United States Sentencing Guidelines, advisory sentencing guidelines "are not amenable to a vagueness challenge." *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). "[T]he Due Process Clause prohibits the Government from 'taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.'" *Beckles*, 137 S. Ct. at 892 (quoting *Johnson v. United States*, 135 S. Ct. 2551 2556 (2017)). Advisory guidelines "do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id.* As to notice, "[a]ll of the notice required is provided by the applicable *statutory* range, which establishes the permissible bounds of the court's sentencing discretion." *Id.* (emphasis added). And as to enforcement, the sentencing guidelines "do not regulate the public by prohibiting conduct or 'by establishing minimum and maximum penalties for [any] crime.'" *Id.* at 895 (quoting *Mistretta v. United States*,

---

[1] Petitioner cites Mich. Comp. Laws § 779.49, but OV-19 is found in Mich. Comp. Laws § 777.49.

488 U.S. 361, 396 (1989)). Instead, they merely "advise sentencing courts how to exercise their discretion" in setting a punishment "within the bounds established by" the state. *Id.* Indeed, "[i]f a system of unfettered discretion is not unconstitutionally vague, then it is difficult to see how the present system of guided discretion could be." *Id.* at 894.

The reasoning in *Beckles* applies with equal force to Michigan's sentencing guidelines, which became advisory after the Michigan Supreme Court's decision in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), before the trial court sentenced Petitioner. Thus, Michigan's advisory sentencing guidelines are not susceptible to a vagueness challenge.

Even if *Beckles* does not apply, Michigan appellate courts have repeatedly rejected vagueness challenges to OV-19. *See, e.g.*, *People v. Fowler*, No. 292074, 2010 WL 3660359, at *5 n.1 (Mich. Ct. App. Sept. 21, 2010) ("The wording of the statute does not require heightened intelligence to understand what conduct is prohibited and does not require a reasonable person to speculate about its meaning."); *People v. Johnson*, No. 271442, 2007 WL 4179346, at *7 (Mich. Ct. App. Nov. 27, 2007) ("The critical terms 'interfere,' 'administration,' and 'justice' are neither unusual nor esoteric, nor are they used in an uncommon or extraordinary context. . . . A person of ordinary intelligence would understand the type of conduct referred to in the statute, and the statute provides fair notice of what conduct it proscribed."). Petitioner offers no reason to disagree with these decisions, or with the decisions of the Michigan appellate courts in his case. Thus, his vagueness challenge is meritless.

The advisory nature of Michigan's sentencing guidelines renders Petitioner's Sixth Amendment claim meritless as well. Generally, under the Sixth Amendment, "[a]ny fact that, by law, increases the penalty for a crime . . . must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 570 U.S. 99, 103 (2013). However, purely advisory

6

applications of sentencing guidelines do not violate the Sixth Amendment. *See United States v. Booker*, 543 U.S. 220, 233 (2005) ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment."); *see also United States v. Cook*, 453 F.3d 775, 777 (6th Cir. 2006) (holding that defendant's sentence based on facts other than those found by the jury or admitted by defendant did not violate the Sixth Amendment because he was sentenced under advisory, rather than mandatory, sentencing guidelines). The trial court sentenced Petitioner when Michigan's sentencing guidelines were advisory; thus, the court could not have violated Petitioner's Sixth Amendment rights by finding facts to support the application of OV-19.

Finally, Petitioner suggests that the trial court deprived him of his constitutional rights by applying OV-19 where no facts or evidence existed to support it. That claim is not cognizable in this action because it raises only a dispute about the proper application of state law. Federal courts may grant the writ of habeas corpus only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62 (1991). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle*, 502 U.S. at 67 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67-68. Likewise, it is not the province of this Court to reexamine the Michigan courts' application of OV-19 to Petitioner's score under Michigan's sentencing guidelines. In other words, even if the state court improperly applied OV-19, this Court does not have the authority to correct that error absent a constitutional violation. Applying an offense

7

variable without sufficient facts to support it may violate state law, but it does not violate the Constitution.

Petitioner alludes to a constitutional right not to be sentenced on "misinformation of constitutional magnitude," *Roberts v. United States*, 445 U.S. 552, 556 (1980), but he does not identify any "misinformation" that the state court relied upon in his case. The real thrust of his claim is that the state court misapplied state law. For the reasons stated, the Court cannot grant relief on that sort of claim.

Accordingly, for all the foregoing reasons, Petitioner's claim is meritless.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when

habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

The Court will enter a judgment and order consistent with this opinion.

Dated: July 25, 2019         /s/ Paul L. Maloney
                             Paul L. Maloney
                             United States District Judge